UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES SHOPOFF,<br><br>    *Plaintiff*,<br><br>v.<br><br>KROLL FACTUAL DATA CORP.;<br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>    *Defendants*. | Case No. 18-cv-3605<br><br>Hon.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1. This is an action for damages brought by James Shopoff ("Mr. Shopoff") against Kroll Factual Data Corp. ("Kroll") and LexisNexis Risk Solutions, Inc. ("Lexis") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* and Regulation V, 12 C.F.R. part 1022.

## JURISDICTION and VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b)(2) as this is the district in which a substantial part of the events or omissions giving rise to Mr. Shopoff's claim occurred.

## *The* PARTIES

4. Plaintiff Mr. Shopoff is an adult individual residing in the Northern District of Illinois.

5. Defendant Kroll is a for profit company that provides credit reports on individuals. It is a Colorado corporation headquartered in Loveland, Colorado.

6. Defendant Lexis is a for profit company that provides credit reports on individuals. It is a

Georgia corporation headquartered in Alpharetta, Georgia.

7. Defendant Kroll is a consumer reporting agency and a reseller of credit information as contemplated by the FCRA, 15 U.S.C.§ 1681, *et seq.*

8. Defendant Lexis is a consumer reporting agency as contemplated by the FCRA, 15 U.S.C.§ 1681, *et seq.*

9. Defendant Lexis is also a furnisher as contemplated by the FCRA, 15 U.S.C.§ 1681, *et seq.*

## FACTUAL ALLEGATIONS

10. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least January 20, 2018 through the present.

11. The inaccurate information includes, but is not limited to, a civil judgment that was not entered against Plaintiff.

12. On December 24, 2015, LVNV Funding LLC caused a lawsuit to be filed against Mr. Shopoff in the Circuit Court of Cook County, Illinois Fourth Municipal District as case no. 15 M4 006870 (the "Lawsuit").

13. That lawsuit alleged that Mr. Shopoff owed LVNV Funding LLC a debt of $2,177.35.

14. Mr. Shopoff and LVNV Funding LLC entered into a settlement agreement whereby LVNV Funding LLC would dismiss said lawsuit with prejudice.

15. On May 2, 2016, the Lawsuit was dismissed with prejudice by agreement of the parties.

16. A true copy of that order is attached hereto as Exhibit 1.

17. On or about January 20, 2018, Mr. Shopoff attempted to obtain financing to purchase a home.

18. After applying to be preapproved for a loan, Mr. Shopoff was informed that they would not

2

issue him a loan because he had an outstanding judgment on his credit report.

19. The outstanding judgment, reported and reviewed by prospective and existing credit grantors and extenders, was a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, both known and unknown.

20. Defendants inaccurately reported that a judgment was entered against Mr. Shopoff and for LVNV Funding LLC in the amount of $2,177 in the Lawsuit.

21. This inaccurate public record information reporting on Plaintiff's credit reports is not directly derived from government records or court dockets. The original supplier of this inaccurate information to Kroll was Lexis. Lexis, through its contractors, obtains select information from court and government records, not the complete or actual public records, and then molds and fabricates that select information into the format which it sells to Kroll and other third parties to be placed upon consumer credit reports.

22. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of a public record, a judgment, that was never entered against Plaintiff. The case was dismissed with prejudice, and no judgment was entered against Plaintiff.

23. Due to Defendants' faulty procedures, Defendants reported a judgment against Plaintiff, when none was entered, and when a dismissal with prejudice was available within the court file.

24. On February 9, 2018, Mr. Shopoff submitted a written dispute to Kroll along with a copy of the court order dismissing the Lawsuit with prejudice.

25. Notwithstanding Plaintiff's efforts, Kroll has sent Plaintiff correspondence indicating its intent

to continue publishing the inaccurate information and Kroll continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Kroll has repeatedly published and disseminated consumer reports to such third parties from at least January 2018.

26. Notwithstanding Plaintiff's disputes, Lexis has also failed to conduct reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes and has willfully continued to report such inaccurate information to various credit reporting agencies.

27. Despite Plaintiff's efforts, neither Kroll nor Lexis has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained the court file pertaining to the inaccurately reported judgment.

28. Despite Mr. Shopoff's exhaustive efforts, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations and/or reinvestigations of the above disputes as required by the FCRA, failed to remove the inaccurate information, failed to report on the results of their investigations and/or reinvestigations to all credit reporting agencies, failed to note the disputed status of the inaccurate information and continued to report the derogatory inaccurate Information about Mr. Shopoff.

29. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost

credit opportunities, harm to credit reputation and credit score, and emotional distress.

30. Defendants knew or should have known that their actions violated the FCRA. Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes—but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

31. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

32. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and Mr. Shopoff's rights.

33. As a direct result of Defendants' conduct, Mr. Shopoff suffered actual damages, without limitation, as follows:

   A. Denial of credit in the form of a mortgage loan;
   B. Denial of credit in the form of a new credit card; and
   C. Lost opportunity to enter into a mortgage loan which will result in an increased interest rate once this matter is resolved in addition to other costs;

34. At all times pertinent hereto, Kroll was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

35. At all times pertinent hereto, Lexis was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

36. At all times pertinent hereto, Mr. Shopoff was a "consumer" as that term is defined by 15

U.S.C. § 1681a(c).

37. At all times pertinent hereto, the above-mentioned report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

38. The report was inaccurate in that it reported that a judgment had been entered against Mr. Shopoff in the Lawsuit when in fact that lawsuit had been dismissed with prejudice.

**FIRST CLAIM *for* RELIEF**
***for* VIOLATION *of the* FCRA—§1681e(b)**
*As Against Kroll and Lexis*

39. Mr. Shopoff incorporates and realleges paragraphs 1-32 above.

40. Defendants violated the FCRA when they negligently, or in the alternative, willfully failed to follow reasonable procedures to prevent the maintenance of the Information in its files after May 2, 2016.

41. Defendants violated the FCRA when they negligently, or in the alternative, willfully maintained the Information in its files.

42. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

43. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Mr. Shopoff alleged above and, as a result, Defendants are liable to Mr. Shopoff for the full amount of statutory damages, for actual damages, and for punitive damages, along with the attorneys' fees and the costs of this litigation, as well as such further relief as permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants, based on the following requested relief:

I. Actual damages in an amount to be determined at trial;

II. Statutory damages of $1,000.00;

III. Punitive damages in an amount to be determined at trial;

IV. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n, and 1681o; and

V. Such other and further relief as may be necessary, just and proper.

### SECOND CLAIM *for* RELIEF
### *for* VIOLATION *of the* FCRA—§1681i
### *As Against Lexis*

44. Mr. Shopoff incorporates and realleges paragraphs 1-32 above.

45. Under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Kroll and Lexis are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. 1681i.

46. Defendants failed to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate.

47. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Mr. Shopoff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief as may be permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants, based on the following requested relief:

I. Actual damages in an amount to be determined at trial;

II. Statutory damages of $1,000.00;

III. Punitive damages in an amount to be determined at trial;

IV. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n, and 1681o; and

V. Such other and further relief as may be necessary, just and proper.

**THIRD CLAIM *for* RELIEF**
*for* **VIOLATION** *of the* **FCRA—§1681s-2(b)**
*As Against Lexis*

48. Mr. Shopoff incorporates and realleges paragraphs 1-32 above.

49. Lexis is a furnisher for purposes of the FCRA because it is the original supplier of criminal records information to other Credit Reporting Agencies.

50. Under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Lexis is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. 1681s-2(b).

51. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Lexis is liable to the Plaintiff for willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute in violation of 15 U.S.C. § 1681i, and willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

52. The conduct of Lexis was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Lexis is liable to Mr. Shopoff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief as may be permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Lexis, based on the following requested relief:

I. Actual damages in an amount to be determined at trial;

II. Statutory damages of $1,000.00;

III. Punitive damages in an amount to be determined at trial;

IV. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n, and 1681o; and

V. Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: May 22, 2018

Respectfully submitted,

Zamparo Law Group, P.C.
   *s/Steven J. Uhrich*

Roger Zamparo, Jr. (3123737)
Stephanie Tatar (6277514)
Steven J. Uhrich (6310369)
2300 Barrington Road, Suite 140
Hoffman Estates, IL 60169
(224) 875-3202 (t)
(312) 276-4950 (f)
roger@zamparolaw.com
stephanie@zamparolaw.com
steven@zamparolaw.com

*Attorneys for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Mrs. Jones hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Mrs. Jones, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Mrs. Jones, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, Mrs. Jones demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for any attorney's fees authorized by the above fee-shifting statutes or awarded by the Court. All rights relating to attorneys' fees have been assigned to counsel.